IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID TAYLOR                                                                    PLAINTIFF

v.                                        Civil No. 04-1082

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                         DEFENDANT

## <u>MEMORANDUM OPINION</u>

_____Plaintiff, David Taylor, appealed to this Court from the denial of his application for

social security disability benefits by the Commissioner of the Social Security Administration

(hereinafter "Commissioner")(Doc. #1).  On February 21, 2006, the undersigned remanded this

matter to the Commissioner for further consideration (Doc. #16 & 17).

Plaintiff's attorney, R. Theodore Stricker, filed a Motion for Attorney's Fees Under the

EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA*"), on March 21, 2006 (Doc. #18).

On April 3, 2006, the Commissioner filed her Response (Doc. #19).  This matter is now ready

for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The Commissioner has the burden of proving that the denial of benefits

was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter.   The Commissioner does not oppose the

award of a reasonable attorney's fee under the *EAJA*, the number of hours for which

compensation is sought, or  the hourly rate sought for attorney or paralegal time (Doc. #19).

The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood,*

AO72A
(Rev. 8/82)

*487 U.S. 552, 573 (1988).* The district court is "in the best position to evaluate counsel's

services and fee request, particularly when the court has had the opportunity to observe

firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v.*

*Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359,*

*361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request,

even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d*

*456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties

requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2*

*412(d)(2)(A).* The *EAJA* further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed." *28 U.S.C. § 2412(d)(1)(B).* Attorneys seeking fees under federal fee-shifting

statutes such as the *EAJA* are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." *Id.* Where documentation is inadequate, the court may reduce the award

accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at the rate of $152.00 per hour for

1.50 hours of attorney time, $156.00 for 3.25 hours of attorney time and $65.00 per hour for

14.60 hours of paralegal time. Counsel asserts the previously mentioned amount of attorney

time and paralegal time represent the time devoted to the representation of plaintiff in this

Court. Plaintiff's counsel seeks $152.00 per hour for attorney time during 2004, and $156.00

per hour for attorney time in 2005, based upon an increase in the cost of living (Doc. #18,

AO72A
(Rev. 8/82)

attachments 1-7).  Plaintiff seeks $65.00 per hour for paralegal time based upon the prevailing

market rate (Doc.#18, attachment 2).

The party seeking attorney fees bears the burden of proving that the claimed fees are

reasonable.  *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of
fees awarded under this subsection shall be based upon prevailing market rates
for the kind and quality of the services furnished, except that....(ii) attorney fees
shall not be awarded in excess of $125 per hour unless the court determines that
an increase in the cost of living or a special factor, such as the limited
availability of qualified attorneys for the proceedings involved, justifies a higher
fee.)"

Plaintiff's counsel attached a summary of the July 18, 2005 Consumer Price Index (CPI

Indices) as an attachment to his Motion for an Award of  Fees/Expenses Under the EAJA (Doc.

#18, Attachment #7), and thus, has presented sufficient evidence of an increase in the cost of

living.  Therefore, his argument for increased attorney fees, based on a cost of living increase,

has merit.

We further conclude that awarding an enhanced fee in the amount of $148.00 per hour

for all attorney hours sought would not only allow a cost of living increase, but would also

promote consistency in the *EAJA* awards in the judicial districts of Arkansas.  See *Johnson v.*

*Sullivan, 919 F.2d 503, 505 (8th Cir.1990).*  Thus, upon consideration of the above factors, we

find that an appropriate hourly rate for the award of attorney's fees in this case is $148.00 per

hour.  Additionally, we find that the appropriate hourly rate for the award of paralegal fees is

$65.00 per hour pursuant to counsel's assertion, and the Commissioner's agreement, that $65.00

per hour is the prevailing market rate for paralegal fees.

-4-

AO72A
(Rev. 8/82)

Further, as has been noted, the defendant does not object to the number of hours for which counsel seeks a fee award (Doc. #19). Nonetheless, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #18, Attachment 8). A thorough review of counsel's itemization reveals that the attorney time and paralegal time asserted to be spent in representation of the plaintiff before the district court is reasonable.

Thus, we find that plaintiff's counsel is entitled to compensation for 4.75 hours of attorney time and 14.60 hours of paralegal time spent in the representation of this plaintiff before the district court.

Accordingly, we find that counsel is entitled to compensation for: 4.75 hours at the rate of $148.00 per hour, which comes to $703.00 in attorneys fees; and, 14.60 hours at the rate of $65.00 per hour for paralegal fees, which comes to $949.00. Therefore, the total award of $1,652.00 should be awarded to Plaintiff's counsel under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 10th day of May, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

-5-

AO72A
(Rev. 8/82)